1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
6  Attorneys for Plaintiff

7

8

9

10            **UNITED STATES DISTRICT COURT**

11          **SOUTHERN DISTRICT OF CALIFORNIA**

12

| 13 14 15 16 17 18 19 20 21 22 23 24 25 | ALEX GRABOWSKI; an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>C.H. ROBINSON COMPANY, INC.,<br><br><br>      Defendant. | CASE No. **10-cv-1658 - WQH - BGS**<br><br>**AMENDED** CLASS AND COLLECTIVE ACTION COMPLAINT FOR:<br><br>1.   UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 et. seq.;<br>2.   FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 515.5, 551, 552, 1194 AND 1198, et. seq.;<br>3.   FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; and,<br>4.   FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 201 et. seq.<br><br>**DEMAND FOR A JURY TRIAL**<br><br>Action Filed: August 9, 2010 |

26

27

28

1      Plaintiff Alex Grabowski, on behalf of himself and all other similarly situated current and

2  former employees, alleges on information and belief, except for his own acts and knowledge

3  which are alleged based on personal knowledge, the following:

4

5  **NATURE OF THE ACTION**

6      1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Grabowski

7  (the "PLAINTIFF") brings this Action against Defendant C.H. Robinson Company, Inc.

8  ("DEFENDANT" or "CHRW") on his own behalf and on behalf of a class consisting of all

9  Transportation Employees employed by CHRW in California during the period commencing

10  on the date four (4) years before the filing of this Complaint and ending on the date as

11  determined by the Court (the "CALIFORNIA CLASS"). During their employment with

12  DEFENDANT, PLAINTIFF and the other Transportation Employees primarily performed non-

13  exempt job duties on the production side of CHRW's enterprise. Although the PLAINTIFF and

14  the other Transportation Employees worked more than eight (8) hours a workday, forty (40)

15  hours a workweek, and/or on seven (7) consecutive days primarily performing non-exempt job

16  duties for DEFENDANT, CHRW classified them as "exempt" from overtime pay and thereby

17  failed to pay them overtime compensation. CHRW's uniform policy and practice alleged herein,

18  namely with respect to classifying Transportation Employees as "exempt" from overtime based

19  on job title alone, is a deceptive, an unfair and an unlawful practice whereby CHRW retained

20  and continues to retain wages due to the PLAINTIFF and to the other Transportation

21  Employees. The PLAINTIFF and the other Transportation Employees seek an injunction

22  enjoining such conduct by CHRW in the future, relief for the named PLAINTIFF and all the

23  other Transportation Employees who have been economically injured by CHRW's past and

24  current unlawful conduct, and all other appropriate equitable relief.

25

26  **THE PARTIES**

27      2.    Defendant C.H. Robinson Company, Inc. is incorporated under the laws of

28  Minnesota and maintains its principal place of business in Eden Prairie, Minnesota. CHRW

also operates in California using the name C. H. Robinson Transportation Company, Inc. and C.H. Robinson Worldwide, Inc.  CHRW has become a Fortune 500 company that provides multimodal transportation services and logistics solutions in California and throughout the United States. Originally, Charles Robinson incorporated CHRW in 1905 as a produce and general merchandise brokerage firm. After several years, CHRW expanded with the focus of transporting and distributing perishable products by horse and buggy before the products spoil. CHRW entered the regulated trucking business by 1968 and by 1979, CHRW bought its first IBM mainframe, which began an era of centrally supported technology, electronics communications and information sharing. The passage of the Motor Carrier Act of 1980 deregulated transportation, paving the way for CHRW to act as a freight brokerage for any type of product. In 1986, CHRW became a completely non-asset based logistics provider, eventually going public on October 16, 1997 and becoming a Fortune 500 company traded in the NASDAQ exchange under the symbol "CHRW."

3.     CHRW does not own the transportation equipment that it uses to transport freight; instead, CHRW essentially acts as a matchmaker, setting up established clients that need to move products and goods with one of the 47,000 or more transportation companies CHRW regularly uses. To complete the day to day tasks of matching established clients with transportation companies, CHRW employs individuals with the titles of "Account Managers," "Transportation Representatives," "Transportation Sales Representatives," "Transportation Coordinators," "Operations Coordinators," "Support Representatives," "Air Logistics Representatives," and "Customer Service/Data Entry" (these individuals are collectively referred to herein as the "Transportation Employees").  Although these various titles may create the superficial appearance of a number of unique jobs, in fact, the work performed by all Transportation Personnel are substantially similar and they all perform the same primary job duty, such that individuals given these titles are properly grouped together for the purpose of determining that they were all misclassified. Throughout the CLASS PERIOD, the PLAINTIFF and the other Transportation Employees primarily performed job duties relating to the production side of CHRW's enterprise, which consisted of (i) taking customer orders, (ii)

1  locating shipping companies (iii) providing rate quotes, (iv) coordinating freight pick up and

2  delivery (v) monitoring shipments, (vi) collecting accounts receivable, and (vii) entering data

3  into CHRW's computer system. The PLAINTIFF and the other Transportation Employees do

4  not exercise independent discretion and judgment in performing these job duties or as to matters

5  of significance.   Primarily, these employees only work with the customer base and

6  transportation base that CHRW  has already established.  The PLAINTIFF and the other

7  Transportation Employees apply rates with pre-established customers and transportation

8  companies under strict guidelines and do not have the authority to bind DEFENDANT to

9  contracts without following those guidelines unless management approves of the deviation.

10  DEFENDANT has established specific procedures and protocols for standardized entry of

11  information and standardized scripts for gathering information.  These centralized rules mirror

12  the realities of the workplace evidencing a uniformity of work among the Transportation

13  Employees and negate any exercise of independent judgment and discretion.

14      4.      The PLAINTIFF, at all relevant times mentioned herein, resided in San Diego,

15  California. The PLAINTIFF was employed by CHRW as an "Account Manager" from October

16  1, 2007 to February 5, 2010 at DEFENDANT's branch located in San Diego, California.

17  Although the PLAINTIFF regularly worked more than eight (8) hours a workday, forty (40)

18  hours a workweek, and/or on seven (7) consecutive days, CHRW classified him as "exempt"

19  from overtime and thereby failed to pay him overtime compensation for the overtime hours he

20  worked.

21      5.      The PLAINTIFF brings this Action against DEFENDANT under Rule 23 of the

22  Federal Rules of Civil Procedure on his own behalf and on behalf of a class consisting of all

23  Transportation Employees employed by CHRW in California (the "CALIFORNIA CLASS")

24  during the period beginning on the date four (4) years before the filing of this complaint and

25  ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). During

26  the CALIFORNIA CLASS PERIOD, the work schedule for Transportation Employees was set

27  by DEFENDANT.  The PLAINTIFF and the members of the CALIFORNIA CLASS typically

28  worked hours in excess of eight (8) hours in a workday, forty (40) in a workweek, and/or on

1  seven (7) consecutive days, primarily performing job duties as described above on the
2  production side of DEFENDANT's business which do not give rise to an exemption under
3  California or Federal Law, though the schedule and amount of overtime worked varied based
4  upon the needs of DEFENDANT, the instructions of DEFENDANT's management, and the
5  productivity requirements for the Transportation Employees. Although the PLAINTIFF and
6  the members of the CALIFORNIA CLASS worked overtime, as a matter of uniform company
7  policy, practice, and procedure, DEFENDANT has unlawfully, unfairly and/or deceptively
8  classified every member of the CALIFORNIA CLASS as "exempt" based on job title alone.
9  The PLAINTIFF and the other Transportation Employees were not provided with overtime
10 compensation and other benefits required by law as a result of being classified as "exempt" by
11 DEFENDANT.

12      6.      DEFENDANT has intentionally and deliberately created numerous job levels and
13

14 a multitude of job titles to create the superficial appearance of a number of unique jobs, when
15 in fact, these jobs are substantially similar and can be easily grouped together for the purpose
16 of determining whether they are entitled to the relief sought here. The claims of all
17 Transportation Employees as set forth herein can be adjudicated together as a group because
18 DEFENDANT's systematic and uniform policies and practices applied to each and every one
19 of these Transportation Employees.

20      7.      DEFENDANT maintains records from which the Court can ascertain and identify
21 each of DEFENDANT's employees who is a member of the CALIFORNIA CLASS, has been
22 systematically, intentionally and uniformly subjected to the policies and practices challenged
23 herein as a matter of CHRW's corporate policy, practice and procedure. To the extent CHRW
24 has assigned job titles, other than those identified herein, to employees subjected to the practices
25 herein alleged, the PLAINTIFF will seek leave to amend the Complaint to include any
26 additional job titles when such titles are identified.

27

28                                    **THE CONDUCT**

The Unlawful, Unfair And/or Deceptive Failure to Have in Place a Company-wide Policy, Practice and Procedure to Correctly Determine Whether the PLAINTIFF and the other Members of the CALIFORNIA CLASS Were Properly Classified as Exempt and Failing to Pay Overtime Wages for Overtime Hours Worked

8.     Throughout the CALIFORNIA CLASS PERIOD, the PLAINTIFF and the other Transportation Employees primarily performed job duties relating to the production side of CHRW's enterprise. These job duties included (i) taking customer orders, (ii) locating shipping companies (iii) providing rate quotes, (iv) coordinating freight pick up and delivery, (v) monitoring shipments, (vi) collecting accounts receivable, and (vii) entering data into CHRW's computer system. The primary duties required of the Transportation Employees are executed through the performance of non-exempt labor within a defined skill set using CHRW's standardized training and procedures.

9.     Although the PLAINTIFF and the Transportation Employees  primarily performed the non-exempt labor as set forth by the DEFENDANT in the company's comprehensive and uniform corporate policies and procedures, DEFENDANT instituted a blanket classification policy, practice and/or procedure by which all the Transportation Employees without exception were classified as exempt from overtime compensation.  By reason of this unlawful, uniform and deceptive systematic exemption practice, policy and procedure,  DEFENDANT committed and continues to commit  acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to properly classify the PLAINTIFF and the other Transportation Employees  and failed to pay them overtime wages for overtime hours worked.  The proper classification of these employees is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to pay all legally required overtime compensation for work performed by the members of the CALIFORNIA CLASS in violation of the Fair Labor Standards Act, the California Labor Code, and there regulations promulgated thereunder as herein alleged.

10.     DEFENDANT, as a matter of law, has the burden of proving that (a) employees are properly classified as exempt and that (b) DEFENDANT otherwise complies with

applicable laws.   Other than the initial classification of the PLAINTIFF and other Transportation Employees as exempt from being paid overtime based on job title alone, DEFENDANT had no business policy, practice, or procedure to ensure that the PLAINTIFF and other Transportation Employees were properly classified as exempt, and in fact, as a matter of corporate policy erroneously classified the PLAINTIFF as well as the other Transportation Employees as exempt.

11.     During their employment with DEFENDANT, PLAINTIFF and the other Transportation Employees on the production side of DEFENDANT's enterprise, performed non-exempt duties but were nevertheless classified by DEFENDANT as exempt from overtime pay and worked more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th) of a workweek.

12.     The PLAINTIFF and the other Transportation Employees employed by DEFENDANT were not primarily engaged in work of a type that was or now is directly related to management policies or general business operations.   The PLAINTIFF and the other Transportation Employees  employed by DEFENDANT were also not primarily engaged in work of a type that was or now is performed at the level of the policy or management of the DEFENDANT.  To the contrary, the work of a Transportation Employee was work wherein the PLAINTIFF and the other members of the CALIFORNIA CLASS were primarily engaged in the day to day business operations of the DEFENDANT to execute transactions between pre-established customers and transportation companies, monitor the transportation of the products and goods, and enter information in a computer database in accordance with the training policies and general operation requirements established by DEFENDANT.

13.     The fact that the work of these employees may have involved work using a computer and/or a specialized skill set in a defined technical area does not mean that the PLAINTIFF or other Transportation Employees employed by DEFENDANT are exempt from overtime wages.  Indeed, the exercise of discretion and independent judgment must be more than the use of a highly technical skill set described in a manual or other sources.  The PLAINTIFF and the other Transportation Employees were and are primarily engaged in running

1   the day to day activities of DEFENDANT's enterprise. As a result, the PLAINTIFF and the

2   other Transportation Employees employed by DEFENDANT were primarily engaged in work

3   that falls on the production side of the administrative/production worker dichotomy and should

4   have been properly classified as non-exempt employees.   Further, although the work of

5   Transportation Employees involves a computer database, the work of Transportation Employees

6   in no way involves computer programming or writing code for the database.

7          14.   The PLAINTIFF and all members of the CALIFORNIA CLASS  are and were

8   uniformly classified and treated by DEFENDANT as exempt at the time of hire and thereafter,

9   DEFENDANT failed to take the proper steps to determine whether the PLAINTIFF, and the

10  other members of the CALIFORNIA CLASS, were properly classified under Industrial Welfare

11  Commission Wage Order 4-2001 and Cal. Lab. Code §§ 510 et seq. and Section 13 of the Fair

12  Labor Standards Act (the "FLSA") as exempt from applicable federal and state labor laws.

13  Since DEFENDANT affirmatively and willfully misclassified the PLAINTIFF and the members

14  of the CALIFORNIA CLASS under both the FLSA or the California Labor Laws,

15  DEFENDANT's practices violated and continue to violate the law.   In addition, the

16  DEFENDANT acted deceptively by falsely and fraudulently telling the PLAINTIFF and each

17  member of the CALIFORNIA CLASS  that they were exempt from overtime pay when

18  DEFENDANT knew or should have known that this statement was false and not based on

19  known facts.  The DEFENDANT also acted unfairly by violating the labor laws of the United

20  States and California.  As a result of this policy and practice, DEFENDANT violated the UCL.

21

22  The Unfair, Unlawful and/or Deceptive Failure to Provide Accurate Wage Statements

23         15.   DEFENDANT failed to provide and still fails to provide The PLAINTIFF and

24  other Transportation Employees  with a wage statement in writing which accurately sets forth

25  gross wages earned, all applicable hourly rates in effect during the pay period and the

26  corresponding number of hours worked at each hourly rate by the PLAINTIFF and other

27  Transportation Employees.  This conduct violates California Labor Code § 226.   The wage

28  statement also does not display anywhere The PLAINTIFF's and other Transportation

1   Employees' overtime hours and applicable rates of overtime pay for the pay period.

2       16.     By reason of this uniform conduct applicable to the PLAINTIFF and to all the

3   CALIFORNIA CLASS members, DEFENDANT committed acts of unfair competition in

4   violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the

5   "UCL"), by engaging in a company-wide policy and procedure which failed to correctly classify

6   the PLAINTIFF and the CALIFORNIA CLASS of Transportation Employees as non-exempt.

7   The proper classification of these employees is the DEFENDANT's burden.  As a result of

8   DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

9   failed to properly calculate and/or pay all required overtime compensation for work performed

10  by the members of the CALIFORNIA CLASS and violated the Fair Labor Standards Act and

11  the California Labor Code and regulations promulgated thereunder as herein alleged.

12

13                          **THE UCL REMEDIES**

14      17.     As a result of DEFENDANT's UCL violations, the PLAINTIFF, on behalf of

15  himself and the CALIFORNIA CLASS, seeks restitutionary disgorgement of DEFENDANT's

16  ill-gotten gains into a fluid fund in order to provide restitution of all the money that

17  DEFENDANT were required by law to pay, but failed to pay, to the PLAINTIFF and all other

18  CALIFORNIA CLASS members.  The PLAINTIFF also seeks all other relief available to him

19  and the other Transportation Employees under California law.  The PLAINTIFF also seek

20  declaratory relief finding that the employment practices and policies of the DEFENDANT

21  violate California law, and equitable relief, including an injunction, as is necessary to prevent

22  the DEFENDANT's continued violation of California law.

23

24                          **THE CALIFORNIA CLASS**

25      18.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

    Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL") as a class

26  action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) on behalf of a class defined as all

27  individuals who are or previously were employed by DEFENDANT as a Transportation

28  Employee in California (the "CALIFORNIA CLASS") during the period beginning on the date

1  four years before the filing of this complaint and ending on the date as determined by the Court

2  (the "CALIFORNIA CLASS PERIOD").

3       19.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

4  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

5  accordingly.

6       20.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

7  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

8  Requirements, and the applicable provisions of California law, intentionally, knowingly, and

9  wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully, and deceptively

10  instituted a practice to ensure that Transportation Employees were not properly classified as

11  non-exempt from the requirements of California Labor Code §§ 510, et. seq.

12       21.    DEFENDANT has the burden of proof that each and every employee is properly

13  classified as exempt from the requirements of the Cal. Lab. Code §§ 510, et. seq.  The

14  DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in

15  place during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice

16  that systematically misclassifies the members of the CALIFORNIA CLASS as exempt.  The

17  DEFENDANT's uniform policy and practice in place at all times during the CALIFORNIA

18  CLASS PERIOD and currently in place is to systematically classify each and every

19  CALIFORNIA CLASS member as exempt from the requirements of the California Labor Code

20  §§ 510, et seq.  This common business practice applicable to each and every CALIFORNIA

21  CLASS member can be adjudicated on a classwide basis as unlawful, unfair, and/or deceptive

22  under Cal. Bus. & Prof. Code §§ 17200, et seq., as causation, damages, and reliance are not

23  elements of this claim.

24       22.    At no time before, during or after the PLAINTIFF's employment with

25  DEFENDANT was any Transportation Employee reclassified as non-exempt from the

26  applicable requirements of California Labor Code §§ 510, et seq. after each CALIFORNIA

27  CLASS member was initially, uniformly, and systematically classified as exempt upon being

28  hired.

23.     Any individual declarations of any employees offered at this time purporting to indicate that one or more Transportation Employees may have been properly classified is of no force or affect absent contemporaneous evidence that DEFENDANT's uniform system did not misclassify the PLAINTIFF and other Transportation Employees  as exempt pursuant to Cal. Lab. Code §§ 510, et seq.   Absent proof of such a contemporaneous system, DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the UCL and may be so adjudicated on a classwide basis.  As a result of the UCL violations, the PLAINTIFF and the CALIFORNIA CLASS Members are entitled to compel DEFENDANT to provide restitutionary disgorgement of its ill-gotten gains into a fluid fund in order to restitute these funds to the PLAINTIFF and the members of the CALIFORNIA CLASS according to proof.

24.     The CALIFORNIA CLASS, numbering more than 100 members, is so numerous that joinder of all Transportation Employees, is impracticable, and throughout the CALIFORNIA CLASS PERIOD, DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, et seq. by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly misclassified the PLAINTIFF and the members of the CALIFORNIA CLASS as exempt;

(b)     Committing an act of unfair competition in violation of the UCL, by unlawfully, unfairly, and/or deceptively failing to have in place a company policy, practice and procedure that accurately determined the amount of working time spent by the PLAINTIFF and the members of the CALIFORNIA CLASS performing non-exempt labor;

(c)     Committing an act of unfair competition in violation of the UCL, by having in place a company policy, practice and procedure that failed to reclassify as non-exempt those members of the CALIFORNIA CLASS

whose actual job duties are primarily non-exempt;

(d)     Committing an act of unfair competition in violation of the UCL by violating Cal. Lab. Code §§ 510, et seq. by failing to pay the correct overtime pay to the PLAINTIFF and the members of the CALIFORNIA CLASS who were improperly classified as exempt; and,

(e)     Committing an act of unfair competition in violation of the UCL by violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF and the members of the CALIFORNIA CLASS with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

25.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     The persons who comprise the CALIFORNIA CLASS exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all other members of the CALIFORNIA CLASS, was initially classified as exempt upon hiring based on the defined corporate policies and practices and labored under DEFENDANT's systematic procedure that failed to properly classify the PLAINTIFF and the members of the CALIFORNIA CLASS.  The PLAINTIFF sustained economic injury as a result of

DEFENDANT's employment practices. The PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT that classified all Transportation Employees as exempt from overtime wages based on the defined corporate policies and practices, and failed to pay overtime to these employees who were improperly classified as exempt;

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in class action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all Class Members.

26.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

(i)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

(ii)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to

1       protect their interests.

2   (b)   The parties opposing the CALIFORNIA CLASS have acted or refused to

3       act on grounds generally applicable to the CALIFORNIA CLASS, making

4       appropriate class-wide relief with respect to the CALIFORNIA CLASS

5       as a whole in that the DEFENDANT uniformly classified and treated the

6       Transportation Employees as exempt and, thereafter, uniformly failed to

7       take proper steps to determine whether the Transportation Employees

8       were properly classified as exempt, and thereby denied these employees

9       overtime wages as required by law;

10      (i)   With respect to the First Cause of Action, the final relief on behalf

11          of the CALIFORNIA CLASS sought does not relate exclusively to

12          restitution because through this claim, the PLAINTIFF seeks

13          declaratory relief holding that the DEFENDANT'S policy and

14          practices constitute unfair competition, along with incidental

15          equitable relief as may be necessary to remedy the conduct

16          declared to constitute unfair competition;

17  (c)   Common questions of law and fact exist as to the members of the

18      CALIFORNIA CLASS, with respect to the practices and violations of

19      California Law as listed above, and predominate over any question

20      affecting only individual members, and a Class Action is superior to other

21      available methods for the fair and efficient adjudication of the

22      controversy, including consideration of:

23      (i)   The interests of the members of the CALIFORNIA CLASS in

24          individually controlling the prosecution or defense of separate

25          actions in that the substantial expense of individual actions will be

26          avoided to recover the relatively small amount of economic losses

27          sustained by the individual CALIFORNIA CLASS members when

28          compared to the substantial expense and burden of individual

prosecution of this litigation;

(ii)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of: (A) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or, (B) Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

(iii)    In the context of wage litigation because as a practical matter a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

(iv)     A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(3).

27.     This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)     The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members because the DEFENDANT's employment practices were uniform and

systematically applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual Class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS exceed 100 people and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   The PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT had acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all Transportation Employees  employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

28.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged.  The PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

### THE CALIFORNIA LABOR SUBCLASS

29.     The PLAINTIFF further brings the Second and Third causes of action on behalf of a subclass which consists of all members of the CALIFORNIA CLASS who were employed by DEFENDANT during the period beginning on the date three (3) years prior to the filing of the action and ending on the date as determined by the Court ("CALIFORNIA LABOR SUBCLASS PERIOD"), who performed work in excess of eight (8) hours in one day and/or forty (40) hours in one week and/or hours on the seventh (7th) consecutive day of a workweek (the "CALIFORNIA LABOR SUBCLASS") pursuant to Fed. R. Civ. Proc. 23(b)(3).

30.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully, and systematically misclassified  the PLAINTIFF and the other members of the CALIFORNIA CLASS and the CALIFORNIA LABOR SUBCLASS as exempt from overtime wages and other labor laws based on DEFENDANT's comprehensive policies and procedures in order to avoid the payment of overtime wages by misclassifying their positions as exempt from overtime wages and other labor laws.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUBCLASS against DEFENDANT,  the class period should be adjusted accordingly.

31.     DEFENDANT has intentionally and deliberately created a number of job levels

and job titles in order to create the superficial appearance of a number of unique jobs, when in fact, all the Transportation Employees' jobs are substantially similar and can be easily grouped together for the purpose of determining that they were all misclassified. One of DEFENDANT's purposes in creating and maintaining this multi-level job classification scheme is to create a roadblock to discovery and class certification for all employees similarly misclassified as exempt. DEFENDANT has uniformly misclassified these CALIFORNIA LABOR SUBCLASS members as exempt and denied them overtime wages and other benefits to which non-exempt employees are entitled in order to unfairly cheat the competition and unlawfully profit.

32.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR SUBCLASS members have been systematically, intentionally and uniformly misclassified as exempt as a matter of DEFENDANT's corporate policy, practices and procedures. The PLAINTIFF will seek leave to amend the complaint to include these additional job titles when they have been identified.

33.    The CALIFORNIA LABOR SUBCLASS is so numerous that joinder of all members, which number over 100 Transportation Employees, is impracticable.

34.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUBCLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to pay overtime compensation to members of the CALIFORNIA LABOR SUBCLASS in violation of the California Labor Code and applicable regulations and California Wage Order 4-2001;

(b)    Whether the members of the CALIFORNIA LABOR SUBCLASS are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California Law;

(c)    Whether DEFENDANT's policy and practice of classifying the CALIFORNIA LABOR SUBCLASS members as exempt from overtime

compensation and failing to pay the CALIFORNIA LABOR SUBCLASS members overtime violates applicable provisions of California law;

(d)   Whether DEFENDANT unlawfully failed to keep and furnish California members with accurate records of hours worked;

(e)   Whether DEFENDANT's policy and practice of failing to pay members of the CALIFORNIA LABOR SUBCLASS all wages when due within the time required by law after their employment ended violates California law; and,

(g)   The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUBCLASS.

35.   DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all Transportation Employees as exempt from overtime wages and other labor laws.  All Transportation Employees,  including the PLAINTIFF, performed the same primary functions and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime compensation. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUBCLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

36.   DEFENDANT systematically violated the rights of the CALIFORNIA LABOR SUBCLASS under California law by:

(a)   Misclassifying and thereby failing to pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS the correct overtime pay for a work day longer than eight (8) hours and/or a workweek longer than forty (40) hours, and also for all hours worked on the seventh (7th) day of a workweek for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer

must pay the employee all wages due without abatement, by failing to tender full payment of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUBCLASS who have terminated their employment; and,

(c)     Violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS who were improperly classified as exempt with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

37.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(3), in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUBCLASS exceed 100 individuals and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUBCLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUBCLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUBCLASS.     The PLAINTIFF, like all other members of the CALIFORNIA LABOR SUBCLASS, was improperly classified as exempt and denied overtime pay as a result of DEFENDANT'S systematic classification practices. The PLAINTIFF and all other members of the CALIFORNIA LABOR SUBCLASS     sustained     similar     economic     injuries     arising     from

DEFENDANT'S violations of the laws of California; and,

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUBCLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously assert the claims of all Class Members.

38. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(3), in that:

(a) Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUBCLASS will create the risk of:

(i) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUBCLASS; or,

(ii) Adjudication with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA LABOR SUBCLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA SUBCLASS, making appropriate class-wide relief with respect to the SUBCLASS as a whole in that the DEFENDANT uniformly classified

and treated the Transportation Employees  as exempt and, thereafter, uniformly failed to take proper steps to determine whether the Transportation Employees  were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUBCLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

(i)     The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUBCLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

(ii)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of: (A) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or, (B) Adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

(iii)   In the context of wage litigation because a substantial number of

1   individual class members will avoid asserting their legal rights out
2   of fear of retaliation by DEFENDANT, which may adversely affect
3   an individual's job with DEFENDANT or with a subsequent
4   employer, the Class Action is the only means to assert their claims
5   through a representative; and,

6   (iv)   A class action is superior to other available methods for the fair
7   and efficient adjudication of this litigation because class treatment
8   will obviate the need for unduly and unnecessary duplicative
9   litigation that is likely to result in the absence of certification of
10   this action pursuant to Fed. R. Civ. Proc. 23(b)(3).

11   39.   This Court should permit this action to be maintained as a Class Action pursuant
12   to Fed. R. Civ. Proc. 23(b)(3), because:

13   (a)   The questions of law and fact common to the CALIFORNIA LABOR
14   SUBCLASS predominate over any question affecting only individual
15   members;

16   (b)   A Class Action is superior to any other available method for the fair and
17   efficient adjudication of the claims of the members of the CALIFORNIA
18   LABOR SUBCLASS because in the context of employment litigation a
19   substantial number of individual Class members will avoid asserting their
20   rights individually out of fear of retaliation or adverse impact on their
21   employment;

22   (c)   The members of the CALIFORNIA LABOR SUBCLASS exceed 100
23   individuals and are therefore so numerous that it is impractical to bring all
24   members of the CALIFORNIA LABOR SUBCLASS before the Court;

25   (d)   The PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS
26   members, will not be able to obtain effective and economic legal redress
27   unless the action is maintained as a Class Action;

28   (e)   There is a community of interest in obtaining appropriate legal and

equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT'S actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUBCLASS consists of those Transportation Employees  who worked overtime hours; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

### JURISDICTION & VENUE

40.    This Court has jurisdiction over the PLAINTIFF's federal claim pursuant to 28 U.S.C.§1331 and supplemental jurisdiction of the PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

41.    Further, with respect to the state law class claims, these state law class claims are brought as a class action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that exceeds 100 people, that involves more than $5,000,000 in controversy, and where the citizenship of at least one member of the class is diverse from that of DEFENDANT.  As a result, this Court also has original jurisdiction over the state law class claims under 28 U.S.C. § 1332 (CAFA Jurisdiction).

42.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because: (I) DEFENDANT is subject to personal jurisdiction in this District and  therefore resides in this District; (ii) DEFENDANT maintains offices or facilities in San Diego County, California; (iii) DEFENDANT committed the wrongful conduct against the PLAINTIFF and other members of the CALIFORNIA CLASS in San Diego County, California; (iv) the PLAINTIFF resides in San Diego County; and (v) the PLAINTIFF was employed by DEFENDANT in San Diego County, California.

### FIRST CAUSE OF ACTION

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code § 17200 et seq.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against DEFENDANT)**

43.     The PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 42 of this Complaint.

44.     DEFENDANT is a "person" as that term is defined under the California Business & Professions Code, Section 17021.

45.     California Business & Professions Code § 17200 et seq. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

46.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to provisions of the Wage Orders, the California Labor Code, the California Code of Regulations,

1  the Fair Labor Standards Act, the regulations of the Department of Labor, and the opinions of

2  the Department of Labor Standards Enforcement, for which this Court should issue declaratory,

3  and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to

4  prevent and remedy the conduct held to constitute unfair competition.

5  47.    By and through the unfair and unlawful business practices described herein

6  above, DEFENDANT has obtained valuable property, money, and services from the

7  PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them of

8  valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

9  DEFENDANT so as to allow DEFENDANT to unfairly compete.  Declaratory, injunctive and

10  equitable relief is necessary to prevent and remedy this unfair competition.

11  48.    All the acts described herein as violations of, among other things, the California

12  Labor Code, California Code of Regulations, and the Industrial Welfare Commission Wage

13  Orders, are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and

14  unscrupulous, and are likely to deceive employees, and thereby constitute deceptive, unfair and

15  unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 et seq.

16  49.    The PLAINTIFF, and the other members of the CALIFORNIA CLASS, are

17  further entitled to, and do, seek a declaration that the above described business practices are

18  deceptive unfair and/or unlawful.  The practices herein alleged presently continue to occur

19  unabated.  As a result of the unfair and unlawful business practices described above, the

20  PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered  legal and

21  economic harm.

22  50.    The PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no

23  plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business

24  practices of DEFENDANT.  As a result of the unfair and unlawful business practices described

25  above, the PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered

26  and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing

27  to engage in these unfair and unlawful business practices.  In addition, DEFENDANT should

28  be required to disgorge the unpaid moneys and interest thereon as required by law in order to

provide restitution to the PLAINTIFF, and to the other members of the CALIFORNIA CLASS.

**SECOND CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS against DEFENDANT)**

51.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 50 of this Complaint.

52.     Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

53.     Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

54.     Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

55.     Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

56.     Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

57.     Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the

standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

58.     In addition, Labor Code Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(3) Wages recovered pursuant to this section shall be paid to the affected employee.
(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.
(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

59.     DEFENDANT has intentionally and uniformly designated Transportation Employees as "exempt" based their job title alone and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS who worked on the production side of the DEFENDANT's business.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

60.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)     The employee must have the authority to hire and fire, or to command

1    particularly serious attention to his or his recommendations on such
2    actions affecting other employees; and,

3        (d)    The employee must customarily and regularly exercise discretion and
4    independent judgment; and,

5        (e)    The employee must be primarily engaged in duties which meet the test of
6    exemption.

7    No member of the CALIFORNIA LABOR SUBCLASS was or is an exempt executive because
8    they all fail to meet the requirements of being an "executive" within the meaning of Order No.
9    4-2001.

10       61.    For an employee to be exempt as a bona fide "administrator," all of the following
11   criteria must be met and DEFENDANT has the burden of proving that:

12       (a)    The employee must perform office or non-manual work directly related
13   to management policies or general business operation of the employer;
14   and,

15       (b)    The employee must customarily and regularly exercise discretion and
16   independent judgment; and,

17       (c)    The employee must regularly and directly assist a proprietor or an exempt
18   administrator; or,

19       (d)    The employee must perform, under only general supervision, work
20   requiring special training, experience, or knowledge, or,

21       (e)    The employee must execute special assignments and tasks under only
22   general supervision; and,

23       (f)    The employee must be primarily engaged in duties which meet the test of
24   exemption.

25   No member of the CALIFORNIA LABOR SUBCLASS was or is an exempt administrator
26   because they all fail to meet the requirements for being an "administrator" under Order No. 4-
27   2001.

28       62.    The Industrial Welfare Commission, ICW Wage Order 4-2001, at Section

1    (1)(A)(3)(h),

2 and California Labor Code, Section 515, also set forth the requirements which must be

3 complied with to place an employee in the "professional" exempt category.  For an employee

4 to be "exempt" as a bona fide "professional," all the following criteria must be met and

5 DEFENDANT has the burden of proving that:

6    (a) The employee is primarily engaged in an occupation commonly

7      recognized as a learned or artistic profession.  For the purposes of this

8      subsection, "learned or artistic profession" means an employee who is

9      primarily engaged in the performance of:

10      (i) Work requiring knowledge of an advanced type in a field or

11        science or learning customarily acquired by a prolonged course of

12        specialized intellectual instruction and study, as distinguished from

13        a general academic education and from an apprenticeship, and

14        from training in the performance of routine mental, manual, or

15        physical processes, or work that is an essential part or necessarily

16        incident to any of the above work; or,

17      (ii) Work that is original and creative in character in a recognized field

18        of artistic endeavor, and the result of which depends primarily on

19        the invention, imagination or talent of the employee or work that

20        is an essential part of or incident to any of the above work; and,

21      (iii) Whose work is predominately intellectual and varied in character

22        (as opposed to routine mental, manual, mechanical, or physical

23        work) and is of such character cannot be standardized in relation

24        to a given period of time.

25    (b) The employee must customarily and regularly exercise discretion and

26      independent judgment; and,

27    (c) The employee earns a monthly salary equivalent to no less than two (2)

28      times the state minimum wage for full-time employment.

1   No member of the CALIFORNIA LABOR SUBCLASS was or is an exempt professional
2   because they all fail to meet the requirements of being a "professional" within the meaning of
3   Order No. 4-2001.

4          63.     The PLAINTIFF, and other members of the  CALIFORNIA LABOR
5   SUBCLASS, do not fit the definition of an exempt executive, administrative, or professional
6   employee because:

7          (a)     They did not exercise independent discretion and judgment as to matters of
8   significance;

9          (b)     They did not work as executives or administrators; and,

10          (c)     The professional exemption articulated in Wage Order 4-2001, section
11                       (1)(A)(3)(h) and Labor Code § 515, does not apply to the PLAINTIFF, nor to the
12                       other members of the CALIFORNIA LABOR  SUBCLASS, because they did not
13                       meet all the applicable requirements to work under the professional exemption
14                       of for the reasons set forth above in this Complaint.

15          64.     During the CALIFORNIA LABOR SUBCLASS PERIOD, the PLAINTIFF, and
16                       other
17   members of the  CALIFORNIA LABOR SUBCLASS, regularly worked more than eight (8)
18   hours in a workday and/or forty (40) hours in a work week, and also worked on the seventh
19   (7th) day of a workweek.

20          65.     At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and other
21   members of the CALIFORNIA LABOR SUBCLASS, overtime compensation for the hours
22   they have worked in excess of the maximum hours permissible by law as required by Cal. Lab.
23   Code §§ 510 and 1198, even though the PLAINTIFF, and the other members of the
24   CALIFORNIA LABOR SUBCLASS, were regularly required to work, and did in fact work,
25   overtime hours.

26          66.     By virtue of DEFENDANT's unlawful failure to pay additional compensation to
27   the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, for their
28   overtime hours, the PLAINTIFF, and the other members of the  CALIFORNIA LABOR

1  SUBCLASS, have suffered, and will continue to suffer, an economic injury in amounts which

2  are presently unknown to them and which will be ascertained according to proof at trial.

3      67.    DEFENDANT knew or should have known that the PLAINTIFF, and the other

4  members of the CALIFORNIA LABOR SUBCLASS, were misclassified  as exempt and

5  DEFENDANT systematically elected, either through intentional malfeasance or gross

6  nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy,

7  practice and procedure.

8      68.    Therefore, the PLAINTIFF, and the other members of the CALIFORNIA

9  LABOR SUBCLASS, request recovery of overtime compensation according to proof, interest,

10 statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in

11 a sum as provided by the Cal. Lab. Code and/or other statutes.  To the extent overtime

12 compensation is determined to be owed to the PLAINTIFF and other members of the

13 CALIFORNIA LABOR SUBCLASS whose employment has been terminated, these employees

14 would also be entitled to waiting time penalties under Labor Code § 203.  Further, the

15 PLAINTIFF, and the other members of the  CALIFORNIA LABOR SUBCLASS, are entitled

16 to seek and recover statutory costs.

17     69.    In performing the acts and practices herein alleged in violation of labor laws and

18 refusing to provide the requisite overtime compensation, the DEFENDANT acted and continue

19 to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other

20 members of the  CALIFORNIA LABOR SUBCLASS, with a conscious and utter disregard of

21 their legal rights, or the consequences to them, and with the despicable intent of depriving them

22 of their property and legal rights and otherwise causing them injury in order to increase

23 corporate profits at the expense of the PLAINTIFF and the members of the CALIFORNIA

24 CLASS.

25

26                    **THIRD CAUSE OF ACTION**

27              **For Failure to Provide Accurate Itemized Statements**

28                        **[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS)**

70.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 69 of this Complaint.

71.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing" showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

72.     At all times relevant herein, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFF, and the other members of the  CALIFORNIA LABOR SUBCLASS at the effective regular rates of pay and the effective overtime rates of pay.

73.     DEFENDANT knowingly and intentionally failed to comply with the California Labor Code, Section 226, causing damages to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate. Therefore, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS may elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor

Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for the PLAINTIFF and for each respective member of the CALIFORNIA LABOR SUBCLASS herein).

## FOURTH CAUSE OF ACTION

### Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA")

### (By PLAINTIFF and the COLLECTIVE CLASS against DEFENDANT)

74.    PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 73 of this Complaint.

75.    DEFENDANT is engaged in communication, business, and transmission between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

76.    The PLAINTIFF further brings the Fourth cause of action on behalf of a Collective Class which consists of all Transportation Employees employed in the United States by DEFENDANT during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court, and who performed work in excess of forty (40) hours in one week (the "COLLECTIVE CLASS").

77.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

78.    29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

79.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time

to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

80.   DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANT's business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

81.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

82.   29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

83.   The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to the PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists.  Transportation Employees either do not hold an advanced degree, have not taken any prolonged course of specialization, and/or have attained

the vast majority of the skills they use as employees of DEFENDANT from on the job training.

84.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees;

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100. Moreover, none of the members of the COLLECTIVE CLASS managed the work of two or more other employees in a customarily recognized department or subdivision of the employer, and whose recommendations as to the hiring, firing, advancement, promotion or other change of status of the other employees were given particular weight and therefore, they do not qualify for the executive exemption.

85.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(b)     The employee must customarily and regularly exercise discretion and independent

judgment with respect to matters of significance; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt

1          administrator; or,

2      (d)    The employee must perform under only general supervision, work requiring

3             special training, experience, or knowledge; and,

4      (e)    The employee must be primarily engaged in duties which meet the test of

5             exemption.

6   No member of the COLLECTIVE CLASS was or is an administrator because they all fail to

7   meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29

8   C.F.R. 541.300. Moreover, their primary duty does not include work such as planning,

9   scheduling, and coordinating activities required to develop systems to solve complex business

10  or scientific problems of the employer or the employer's customers and therefore, they are not

11  qualified for the administrative exemption.

12      86.    For an employee to be "exempt" as a bona fide "professional", the

13  DEFENDANT has the burden of proving that the primary duty of the employee is the

14  performance of work that:

15      (a)    Requires knowledge of an advanced type in a field of science or learning

16             customarily acquired by a prolonged course of specialized intellectual instruction;

17             or

18      (b)    Requires invention, imagination, originality or talent in a recognized field of

19             artistic or creative endeavor.

20  No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet

21  the requirements of being an "professional" within the meaning of 29 CFR 541.300.

22  Further, the PLAINTIFF and other Transportation Employees operated under intense scrutiny

23  from management and are strictly dictated by written guidelines and standardized procedures.

24      87.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

25  members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week.

26      88.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and other

27  members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked

28  in excess of the maximum hours permissible by law as required by section 207 of the FLSA,

1   even though the PLAINTIFF, and the other members of the COLLECTIVE CLASS, were

2   regularly required to work, and did in fact work, overtime hours.

3        89.    For purposes of the Fair Labor Standards Act, the employment practices of

4   DEFENDANT were and are uniform throughout the United States in all respects material to the

5   claims asserted in this Complaint.

6        90.    There are no other exemptions applicable to the PLAINTIFF and/or to members

7   of the COLLECTIVE CLASS.

8        91.    As a result of DEFENDANT'S failure to pay overtime compensation for

9   overtime hours worked, as required by the FLSA, the PLAINTIFF and the members of the

10  COLLECTIVE CLASS were damaged in an amount to be proved at trial.

11       92.    Therefore, the PLAINTIFF demands that he and the members of the

12  COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour

13  of overtime worked in any work week for which they were not compensated, plus interest and

14  statutory costs as provided by law.

15

16                              **PRAYER**

17       WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly and

18  severally, as follows:

19  **1.    On behalf of the CALIFORNIA CLASS:**

20       A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

21             CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

22       B)    An order requiring DEFENDANT to correctly calculate and pay all wages and

23             all sums unlawfully withheld from compensation due to the PLAINTIFF and to

24             the other members of the CALIFORNIA CLASS;

25       C)    Restitutionary disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund

26             for restitution of the sums incidental to DEFENDANT'S violations due to the

27             PLAINTIFF and to the other members of the CALIFORNIA CLASS according

28             to proof; and,

D)   An order temporarily, preliminarily, and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein.

**2.   On behalf of the CALIFORNIA LABOR SUBCLASS:**

A)   That the Court certify the Second and Third Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(3);

B)   Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due to the PLAINTIFF and to the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA CLASS PERIODS plus interest thereon at the statutory rate;

C)   The wages of all terminated employee in the CALIFORNIA LABOR SUBCLASS as a penalty from the due date thereof at the same rate, in accordance with Cal. Lab. Code § 203; and,

D)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

**3.   On behalf of the COLLECTIVE CLASS:**

A)   That the Court certify the Fourth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in class action under 29 U.S.C. § 216(b);

B)   Issue a declaratory finding that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

C)   That the PLAINTIFF and the other members of the COLLECTIVE CLASS recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

**4.   On all claims:**

A)      An award of interest, including prejudgment interest at the legal rate.

B)      An award of statutory damages, penalties and statutory costs of suit.  Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5;

C)      Such other and further relief as the Court deems just and equitable.


Dated:   August 17, 2010                 BLUMENTHAL, NORDREHAUG & BHOWMIK


                                          By:    _____/s/ Norman B. Blumenthal_____
                                                     Norman B. Blumenthal
                                                     Attorneys for Plaintiff

1

**DEMAND FOR JURY TRIAL**

2

The PLAINTIFF demands jury trial on issues triable to a jury.

3

4

Dated:   August 17, 2010                    BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6

7                                    By:  _____*/s/ Norman B. Blumenthal*_____
                                              Norman B. Blumenthal
8                                              Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28