UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX GRABOWSKI, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C.H. ROBINSON COMPANY, INC.,<br><br>Defendant. | Civil No.   10-CV-1658-WQH (BGS)<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE** |

IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case will be held on **November 19, 2010**, at **9:00 a.m.** before United States Magistrate Judge Bernard G. Skomal, United States Courthouse, 940 Front Street, Courtroom 12, San Diego, California.

**The following are <u>mandatory</u> guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

1.   **Purpose of Conference:**  The purpose of the Early Neutral Evaluation Conference ("ENE") is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be informal, off the record, privileged and confidential.  Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

2.   **Personal Appearance of Parties Is Required:**  All parties, adjusters for

1

1  insured defendants, and other representatives of a party having full and complete authority to enter
2  into a binding settlement, and the principal attorneys responsible for the litigation, must be present
3  **in person** and legally and factually prepared to discuss settlement of the case.

4      3.  **Full Settlement Authority Required:**  In addition to counsel who will try the
5  case, a party or party representative with full settlement authority[1] must be present for the
6  conference.  In the case of a corporate entity, an authorized representative of the corporation who
7  is not retained outside counsel must be present and must have discretionary authority to commit
8  the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive
9  damage prayers).  The purpose of this requirement is to have representatives present who can
10 settle the case during the course of the conference without consulting a superior.  Counsel for a
11 government entity may be excused from this requirement so long as the government attorney who
12 attends the ENE conference (1) has primary responsibility for handling the case; and (2) may
13 negotiate settlement offers which the attorney is willing to recommend to the government official
14 having ultimate settlement authority.

15     Unless there are **extraordinary circumstances,** persons required to attend the
16 conference pursuant to this Order shall not be excused from personal attendance.  Requests for
17 excuse from attendance for extraordinary circumstances shall be made in writing at least 48 hours
18 prior to the conference.  Failure to appear at the ENE conference may be grounds for sanctions.

19     4.  **Confidential ENE Statements Required:**  No later than five court days prior to
20 the ENE, the parties shall submit confidential statements of five pages or less directly to the
21 chambers of Magistrate Judge Skomal outlining the nature of the case, the claims, and the
22 defenses.  These statements shall not be filed or served on opposing counsel.  Please note ENE

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

1 statements shall be submitted by courier directly to chambers or emailed to
2 **efile_Skomal@casd.uscourts.gov**.

3      5. **New Parties Must Be Notified by Plaintiff's Counsel:** Plaintiff's counsel
4 shall give notice of the ENE to parties responding to the complaint after the date of this notice.

5      6. **Case Management Under the Amended Federal Rules:** In the event the case
6 does not settle at the ENE, the parties can expect to leave the ENE with Rule 26 compliance dates
7 or deadlines. Parties shall therefore be prepared to discuss the following matters at the conclusion
8 of the ENE conference:

9      a. Any anticipated objections under Federal Rule of Civil Procedure
10         26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil
11         Procedure 26(a)(1)(A-D);
12      b. The scheduling of the Federal Rule of Civil Procedure 26(f) conference:
13      c. The date of initial disclosure and the date for lodging the discovery plan
14         following the Rule 26(f) conference; and,
15      d. The scheduling of a Case Management Conference pursuant to Federal
16         Rule of Civil Procedure 16(b) following the Rule 26(f) conference.
17 The Court will issue an order following the ENE addressing these issues and setting dates as
18 appropriate.

19      7. **Requests to Continue an ENE Conference:** Local Rule 16.1(c) requires that
20 an ENE take place within 45 days of the filing of the first answer. Due to limited availability on
21 the Court's calendar, the Court finds good cause to hold an ENE more than 45 days after the filing
22 of the first answer. Requests to continue ENEs are rarely granted. However, the Court will
23 consider formal, written *ex parte* requests to continue an ENE conference when extraordinary
24 circumstances exist that make a continuance appropriate. In and of itself, having to travel a long
25 distance to appear in person is not "extraordinary." **Absent extraordinary circumstances,**
26 **requests for continuances will not be considered *unless* submitted in *writing* no less than**
27 **seven (7) days prior to the scheduled conference.**
28 ///

1 | Questions regarding this case or the mandatory guidelines set forth herein may be
2 | directed to Judge Skomal's research attorney at (619) 557-2993.  Please consult Judge Skomal's
3 | rules, available on the Court's website, before contacting chambers with your questions.
4 | A Notice of Right to Consent to Trial Before a United States Magistrate Judge is
5 | attached for your information.

DATED: September 15, 2010

_____
**BERNARD G. SKOMAL**
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF RIGHT TO CONSENT TO TRIAL**
**BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties on form1a (available in the clerk's office), conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Counsel for the plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of the U.S. Magistrate Judges are appealable only to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.